| | |
|---|---|
| **DISTRICT COURT, BOULDER COUNTY, COLORADO**<br>Court Address:<br>1777 SIXTH STREET P.O. BOX 4249, BOULDER, CO, 80306-4249 | |
| **Plaintiff(s)** JANE DOE<br>v.<br>**Defendant(s)** DAVY HONG et al. | DATE FILED<br>February 11, 2025<br><br>⚠ **COURT USE ONLY** ⚠<br>Case Number: 2024CV30905<br>Division: 2    Courtroom: |
| **Order:MOTION FOR LEAVE TO FILE COMPLAINT AND AMENDED COMPLAINT UNDER PSEUDONYM** | |

The motion/proposed order attached hereto: DENIED.

The motion is denied without prejudice. The motion does not contain a certificate of conferral as required by C.R.C.P. 121, 1-15(8). Before refiling the motion, Plaintiff's counsel shall confer with counsel for defendants, once they are known to her, and include a certificate of conferral in the refiled motion stating Defendants' position.

Issue Date: 2/11/2025

*/s/ Michael Kotlarczyk*

MICHAEL KOTLARCZYK
District Court Judge

**EXHIBIT C**
Page 1 of 1

| | |
|---|---|
| District Court, Boulder County, Colorado<br>Court Address:<br>Boulder County Justice Center<br>1777 6th Street<br>Boulder, CO 80302<br><br>Plaintiff: Jane Doe[1]<br>v.<br>Defendants: Hong, Davy et al.<br><br>Attorney or Party Without Attorney: (Name & Address)<br>Maria Ruskiewicz, PO Box 75, Kinross, MI 49752<br>Phone Number: (303) 481-4405<br>E-mail: AttorneyMariaColorado@gmail.com<br>Atty. Reg. #: 43919 | ▶ COURT USE ONLY ◀<br><br>Case Number: 2024CV030905<br><br>Division: 2   Courtroom: H |
| **MOTION FOR LEAVE TO FILE COMPLAINT AND AMENDED COMPLAINT UNDER PSEUDONYM** | |

Plaintiff respectfully requests leave to file the attached Amended Complaint and Jury Demand with prior Complaint filed on November 1, 2023 under pseudonym, based on the sensitive and highly personal nature of her HIPPA protected information, disclosure of wrongdoing and the serious risk of retaliatory harm that could result from the public disclosure of her true name. If permitted to file under pseudonym, Plaintiff shall provide her legal name to the Defendants and the Court upon entry of an appropriate confidentiality and protective order.

## BACKGROUND

1. Plaintiff is filing suit for a claim of discrimination based on sex, race, color, age, disability, national origin and retaliation that involves her diagnosed health issues.

---

[1] Jane Doe is a pseudonym.

1

In order for her to bring her claim of discrimination to enforce her rights, she has to disclose how that discrimination occurred. The discrimination occurred in the course of Defendants' wrong doing that includes accusations of overcharging, wage theft and company wide wrong-doing. Refer to footnote 2, high stakes are at play.

2. This case is more than that, but at the crux of this motion, the career field of aerospace engineering is a niche that hires within. Positions within this field require a background check, if not a clearance as well. Raytheon is The United States of America's number one company that specializes in providing advanced technology solutions for defense, civil government, and cybersecurity sectors, including one of the world's leaders. Raytheon and Blue Canyon Technologies are Colorado's prominent on campus employers, where Plaintiff resides and must earn a living. The Plaintiff, if known, would not be advanced nor further hired. Her information and disclosures would become public and recorded or data harvested on all world wide web searches, including LexisNexis the world's leading data bank with hits resulting from data hubs and search engines harming her reputation and hiring status for the next twenty plus years.

3. Raytheon civil cases are marked and searched for by watch dogs, the media and press alike[2]. The Plaintiff should be afforded privacy, as to her personal information, her HIPPA protected information, her stance against the Defendants to include wrongdoing as it relates to charges against government contracts. It is

---

[2] https://www.justice.gov/usao-edny/pr/raytheon-company-pay-over-950-million-connection-foreign-bribery-export-control-and

2

foreseeable that retaliation will occur and is more likely than not, especially since it has already occurred in-house.

## ARGUMENT

4. Pseudonymous filings are appropriate where a plaintiff has a substantial privacy right outweighing the presumption of openness in judicial proceedings[3].

5. When determining whether to allow a complaint to be filed pseudonymously, the Colorado courts consider the following factors:

*[W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non- parties; whether the action is against a governmental or private party; whether the plaintiff would be compelled to admit his or her intention to engage in illegal conduct [...], and the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.*

Heitler, 26 P.3d at 541.

    a. **Plaintiff Has A Substantial Privacy Right To Her Diagnosed Medical Status, Heightened By Her Age.**

---

[3] *Doe v. Heitler*, 26 P.3d 539, 541 (Colo. App. 2001); *see also Does 1 – 11 v. Bd. of Regents of Univ. of Colorado*, No. 21- CV-2637, 2022 WL 43897 at *3-4 (D. Colo. Jan. 5, 2022).

3

6. *Heitler*, 26 P.3d at 542. Plaintiff has a right under the Health Insurance Portability and Accountability Act laws and still has twenty plus years to work in this field without discrimination based on a perceived or diagnosed medical condition.

   **b. Plaintiff Has A Substantial Privacy Right In Her Medical Diagnoses And Disclosure Of Wrongdoing.**

7. The first *Heitler* factor asks whether there are significant privacy interests at stake.

8. Here, making Plaintiff's medical status public poses a serious risk of exacerbating her condition, which is heightened by being unable to live with the privacy of her own diagnoses and treatment. Her diagnoses are serious and were covered by FMLA. If Plaintiff's medical status is public information, she is at greater risk of others refusing to hire her. Public identification of her name risks undermining her safety and ability to live consistently by providing for herself through gainful employment within the field.

9. Relatedly, the interest in privacy is heightened when the plaintiff is young. *See Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981) (discussing minor status as weighing in favor of anonymity); Courts have considered age to favor anonymity even for adults, *See, e.g., Hersom v. Crouch*, 2:21-CV-450, 2022 WL908503 at * 2 (S.D.W. Va. Mar. 28, 2022); Here, Plaintiff still has 20 plus years in the workforce, and this weighs strongly in favor of keeping his name confidential.

   **c. Reasonable Fear of Physical Harm or Other Extraordinary Retaliation.**

4

10. The filing under a *pseudonym* will prevent Plaintiff from reasonable fear of physical harm or other extraordinary retaliation. Extraordinary retaliation includes termination, not being able to reasonably be promoted and being ostracized from the work environment. These retaliatory actions would affect her day-to-day quality of living, exasperate her medical conditions and her ability to make a living.

11. Plaintiff's identification may put her at risk for physical or mental harm by persons who know that she has been found responsible for disclosing wrongdoing from co-workers and the Defendants resulting in audits, revocation of contracts, demerits, investigations, company-wide changes and possibly criminal charges. Moreover, her identification has the potential to lead persons— especially those who are associated with Defendants—to identify her as the person who disclosed wrong doing. It is also likely that identification of Plaintiff could result in her facing a risk of harm, such as harassment.[4]

### d. Fear of Mental, Emotional, or Psychological Harm

12. Plaintiff's public accusations can be highly mentally, emotionally, and psychologically taxing. Any public allegation of, wrongful doing or sexual harassment can risk exposing the Plaintiff to social disgrace, professional disaster, and financial ruin, even if the Defendants are innocent. Plaintiff will therefore understandably lose sleep, become depressed, and have panic attacks

---

[4] *See, e.g.*, Doe v. City of Chicago, 360 F.3d 667, 669 (7th Cir. 2004) (taking the view that pseudonymity can be proper when naming a plaintiff would make her "a likely target of retaliation by people who would learn her identity only from a judicial opinion or other court filing").

5

as a result. If a medical letter from a treating medical provider is required, the Plaintiff will provide[5].

### e. Privacy as to "Sensitive and Highly Personal" "Stigmatized" Matters

13. Pseudonymity should be allowed to to prevent disclosure of Plaintiff's "sensitive and highly personal" private information that creates a risk of "social stigma". Courts have found that pseudonymity is justified for mental illness or disorder to avoid revealing a party's mental illness or disorder.[6]

### f. Reputational Harm / Risk of Economic Retaliation

14. Plaintiff suing employer will make her look litigious, and thus turn off prospective future employers from hiring her.

---

[5] Doe v. Doe, No. 20-CV-5329(KAM)(CLP), 2020 WL 6900002 (E.D.N.Y. Nov. 24, 2020); Doe v. Smith, 105 F. Supp. 2d 40, 43–44 (S.D.N.Y. 1999) ("[P]laintiff offers the opinion of Dr. Richard Kluft, a psychiatric specialist in Dissociative Identity Disorder, from which the plaintiff suffers, that proceeding publicly would 'cause her to decompensate [psychologically] to a point at which she could not . . . pursue the current legal process and would suffer severe risk to her safety and to her survival. . . . [T]he plaintiff has presented particularized and undis- puted evidence that proceeding publicly would seriously threaten her mental health, requiring her to choose between dropping her action and placing her life in jeopardy."); Be v. Comcast Corp., No. 20-CV-8571 (JPC), 2021 WL 694556 (S.D.N.Y. Feb. 23, 2021) ("[T]his case entails highly sensitive and personal matters involving Plaintiff's daughter's mental health, which allegedly manifested in several ways, including thoughts of suicide. As for the third factor, Plaintiff argues that public disclosure of her name could exacerbate Plaintiff's daughter's alleged medical conditions, and the Court accepts this as true."). Doe v. OPO Hotel Mgmt., No. 2020 CA 003630 B, at 7 (D.C. Super. Ct. Oct. 7, 2020) (relying on plaintiff's "alleged history of major depressive disorder and post-traumatic stress order," and concluding there was no need for "an affidavit from an expert").

[6] Doe v. Hartford Life & Accident Insurance Co., 237 F.R.D. 545, 550 (D.N.J. 2006) ("severe bipolar disorder"); Doe v. Unitedhealthcare Insurance Company, No. 3:20-cv- 06574-EMC (N.D. Cal. Sept. 24, 2020), *granting* Plaintiff's Ex Parte Motion for Administrative Relief to Proceed Under Pseudonym, *id.* (Sept. 18, 2020); Doe v. Garland, No. 2:21-cv-00071-LGW-BWC, at 5 (S.D. Ga. July 30, 2021) ("PTSD, Major Depressive Disorder and suicidal ideation or Suicidal Behavior Disorder"); and Doe v. Tonti Mgmt. Co., No. 2:20-cv-02466-LMA-MBN (E.D. La. Sept. 11, 2020), *granting* Motion, *id.* (E.D. La. Sept. 9, 2020) ("major depressive disorder, anxiety, and PTSD caused by a sexual assault")

15. Anti Discrimination laws generally forbid employers from retaliating against people who had brought discrimination claims or engaged in whistleblowing, including claims against past employers. But, first, such retaliation is only illegal when done because of certain kinds of claims, and not many other employment claims (such as breach of contract claims). And second, such retaliation tends to be very hard to prove, since an employer has so many possible reasons to reject a prospective employee. As a result, many employers likely think that they won't be caught if they refuse to hire litigious employees—and likely think that, if they hire and later dismiss a litigious employee, the risk of a future lawsuit by the employee is greater than the risk of a lawsuit for retaliatory refusal to hire.

    g. **Parties Fearful Of Revealing Disabilities And Other Conditions That Might Lead To Future Discrimination**

16. Plaintiff revealing her disabilities, mental illnesses, and the like will worry that publicizing this information would lead to discrimination by future employers, clients, co-workers, and the like. The request for pseudonymity in this case is not just a matter of protecting privacy but also a matter of protecting reputation and preventing retaliation.

    h. **Deterrent To Enforcing Rights**

17. Plaintiff will be faced with the prospect of these harms, and might choose not to litigate. She might decline to sue, or might decline to continue with her lawsuits once pseudonymity is denied, if at all.

18. As a result, the relevant claims and defenses will be under asserted, and the underlying policies will be underenforced. Many employees' reluctance to come forward and identify themselves has emboldened would-be wrong doers, and left them at liberty to commit future crimes. Employees know that suing over wrongful terminations will cause them to be blacklisted by future employers, hence diminishing the deterrent to wrongful termination. The same is true of people suing over matters related to their mental illnesses.

19. Sometimes courts allow pseudonymity in part to avoid this deterrent effect.

## CONCLUSION

20. Plaintiff's privacy interest and safety concerns far outweigh any interest in her name being disclosed. The disclosure of Plaintiff's name would make public the highly personal and sensitive information. That disclosure may subject her to serious risk of retaliatory actions in the existing highly competitive political environment that surrounds governmental contracts. This lawsuit can be fairly weighed by the public without Plaintiff's identifying details.

21. As the Court can see from Government investigations, the harm of these accusations has real financial consequences on the Defendant companies.

22. Plaintiff therefore respectfully requests leave to file the attached Amended Complaint and Jury Demand and prior filed Complaint pseudonymously.

Respectfully submitted this 28th day of January 2025,

        *s/ Maria Ruskiewicz*

        Maria Ruskiewicz #43919 Attorney Maria
        P.O. Box 75, Kinross, MI 49752

        (303) 481-4405 (t)
        AttorneyMariaColorado@gmail.com

        *Attorney for Plaintiff*