IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
BOULDER DIVISION

Civil Action No. _ 1:25-cv-00580_____

JANE DOE,

       Plaintiff,

v.

DAVY HONG, BLUE CANYON TECHNOLOGIES, LLC, BLUE CANYON TECHNOLOGIES, INC., AND RAYTHEON TECHNOLOGIES CORPORATION,

       Defendants.

## CORRECTED NOTICE OF REMOVAL[1]

Defendants Davy Hong, Blue Canyon Technologies, LLC[2], Blue Canyon Technologies, Inc., and RTX Corporation[3] ("Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, submits the following Notice of Removal with respect to the above captioned case, which was filed in the District Court, Boulder County, Colorado, Case No. 2024CV30905. In support of this Notice of Removal, Defendants state the following:

### TIMELINESS AND BACKGROUND

1.      On November 1, 2024, Plaintiff commenced a civil action against Defendants by filing a petition in the District Court, Boulder County, Colorado. The lawsuit is recorded on that court's docket as Case No. 2024CV30905.

2.      Plaintiff filed an Amended Complaint against Defendants on February 3, 2025.

---

[1] Defendants file this Corrected Notice of Removal, per ECF No 5, to separate the Complaint and Amended Complaint, which were filed as a single attachment to the original Notice of Removal (ECF No. 1).

[2] Blue Canyon Technologies, LLC is formerly known as Blue Canyon Technologies, Inc. Plaintiff erroneously named both Blue Canyon Technologies, LLC and Blue Canyon Technologies, Inc. in her lawsuit.

[3] Plaintiff erroneously named RTX Corporation as "Raytheon Technologies Corporation" in her lawsuit.

      3.      Because Defendants filed this Notice of Removal within thirty days of service, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

      4.      Mr. Hong was served on February 4, 2025. Blue Canyon Technologies, LLC was served on February 3, 2025. RTX Corporation was served on February 3, 2025.

      5.      No substantive orders have been signed in the State-Court Action. Other than the documents attached to this Notice of Removal described below, no pleadings have been filed in the State-Court Action.

      6.      In accordance with 28 U.S.C. § 1446(a), Defendants have attached, or contemporaneously filed, the following documents to this Notice of Removal:

- Plaintiff's Original Complaint of November 1, 2024 (Exhibit A);

- Plaintiff's Amended Complaint filed February 3, 2025. (Exhibit B);

- Delay Prevention Order of January 3, 2025 related to Proof of Service. (Exhibit C);

- Order on Motion for Leave to File Complaint and Amended Complaint Under Pseudonym of February 11, 2025. (Exhibit D);

- Docket for case[4] (Exhibit E);

- Civil Cover Sheet; and

- Corporate Disclosure Statement.  ECF No. 3.

A true and correct copy of such documents constitute "all summons, pleadings, and orders" served upon Defendants in the state court action. 28 U.S.C. § 1446(a)

      7.      In her Amended Complaint, Plaintiff alleges that Company policy provides that if she took a meal period less than 30 minutes, her meal period should have been paid. (Exhibit B, Am. Compl. ¶¶ 70-78). Plaintiff alleges that because she self-reported her hours of work

---

[4] The actual proofs of service for all Defendants is not readily available via the Colorado state court's docketing system, but Plaintiff's counsel represented on the docket that all Defendants were served. Defendants are obtaining the same via courier and will file them immediately upon receipt.

2

inconsistent with this policy, she received different pay than other employees and accuses Defendants of violating the Equal Pay Act, which is part of the Fair Labor Standards Act, 29 U.S.C. §§ 206(d)(1) and 215(a)(2) ("Equal Pay Act") and Colorado state wage and hour laws. (*Id*., ¶¶ 70-78; Counts I-V).

8. Plaintiff also brings claims under Colorado Anti-Discrimination Act ("CADA") arising out of the same facts on the basis of her sex (female) and other protected characteristics which she does not identify in the Amended Complaint other than to claim discrimination based on race, color, age, disability, national origin and retaliation. (*Id*., Count VI). Plaintiff brings additional state law claims arising out of these same facts for negligent hiring and retention, intentional infliction of emotional distress, conversion, breach of contract, negligent misrepresentation, false representation, and promissory estoppel. (*Id*., Counts VII-XII).

9. Plaintiff demands a judgment against Defendants for "economic damages" (including back pay and front pay); compensatory damages "including but not limited to those for future pecuniary and non-pecuniary losses, and garden-variety emotional distress, pain, inconvenience, mental anguish, and humiliation"; statutory penalties; liquidated damages; punitive damages; unpaid compensation such as "salary and bonus compensation, and the unlawful deductions made to Plaintiff's wages"; pre and post-judgment interest; costs; and attorneys' fees. (*Id*. at pp. 27-28.)

**BASIS FOR REMOVAL**

10. 28 U.S.C. § 1331 gives federal district courts "original jurisdiction of all civil actions arising under the . . . laws . . . of the United States."

11. Removal of this civil action is proper based on federal question jurisdiction under 28 U.S.C. § 1331 and § 1441(a), which provides that "any civil action brought in a State court of

which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Federal question jurisdiction exists because Plaintiff's claims pursuant to the Equal Pay Act arise under federal law. *See Rivet v. Regions Bank*, 522 U.S. 470, 475 (1998) (federal jurisdiction exists when a federal question is presented on the face of plaintiff's complaint); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (defendant may remove a state court action to federal court if such an action could have been filed in the federal court originally). As noted above, Plaintiff asserts a claim under the Equal Pay Act, which is a federal statute. This Court therefore has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

12. This Court has supplemental jurisdiction over Plaintiff's Colorado state wage and hour law, CADA, and common law claims because those claims are so related to Plaintiff's Equal Pay Act claims, of which this Court has original jurisdiction, that they form part of the same case or controversy. *See* 28 U.S.C. § 1367(a).

13. Venue is proper in the District of Colorado, under 28 U.S.C. § 1441(a) because, under 28 U.S.C. § 85, Colorado constitutes one judicial district and this division embraces Boulder County, Colorado, the place where the removed action has been pending. Therefore, this civil action is properly removed to this District and Division.

14. Promptly upon the filing of this Notice of Removal, Defendant will file a Notice of Filing Notice of Removal, with a copy of the Notice of Removal, with the District Court, Boulder County, Colorado, and will serve a copy thereof on Plaintiff through his counsel, in accordance with 28 U.S.C. § 1446(d).

15. Based on the foregoing, this District Court may properly exercise jurisdiction over this lawsuit.

16. Should Plaintiff seek to remand this case to state court, Defendants respectfully request permission to brief and argue the removal issue before the Court enters any order remanding this case. In the event the Court decides remand is proper, Defendants ask that the Court retain jurisdiction and, if the Court deems it appropriate, certify any remand order for interlocutory review by the Court of Appeals, and stay this action pending appeal, pursuant to 28 U.S.C. § 1292(b).

## JURY TRIAL

17. Plaintiff demanded a jury trial in the State-Court Action.

## CONCLUSION

WHEREFORE, Defendants pray that the above-described action pending against it be removed to this Court. Defendants also requests all other relief, at law or in equity, to which they are

justly entitled.

DATED: February 21, 2025                    Respectfully submitted,

DAVY HONG, BLUE CANYON TECHNOLOGIES, LLC, AND RTX CORPORATION

By: */s/Kyle A. Petersen*

Kyle A. Petersen
Christina Jaremus
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 800
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
kpetersen@seyfarth.com
cjaremus@seyfarth.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing CORRECTED NOTICE OF REMOVAL was served on all counsel of record, as listed below, via email and U.S. Mail on the 21st day of February 2025:

Maria Ruskiewicz
P.O. Box 75
Kinross, Michigan 49752
Telephone: (303) 481-4405
attorneymariacolorado@gmail.com
*Attorney for Plaintiff*

*/s/ Kyle A. Petersen*
*One of the Attorneys for Defendants*